UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRADY KRZYWKOWSKI, | ) | Case No.: 4:06 CV 1033 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| DAVID BOBBY, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Now pending before the court is Petitioner Grady Krzywkowski's ("Petitioner" or "Krzywkowski") Petition for a Writ of Habeas Corpus (ECF No. 1), pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction for four counts of rape and two counts of gross sexual imposition involving three of his minor children. For the following reasons, the court dismisses in part and denies in part Krzywkowski's Petition.

### **I. PETITIONER'S GROUNDS FOR RELIEF**

Krzywkowski raises four grounds for habeas relief in his Petition:

(1) that his trial counsel was ineffective in not seeking the testimony of an expert witness on the behavior of sexually abused children to rebut testimony of the state's expert on this subject;

(2) that he was deprived of a fair trial when "other acts" testimony on his alleged physical abuse of the victim children during discipline, as well as testimony concerning other acts of sexual abuse against a daughter not named here as a victim, was permitted at trial;

>   (3) that he was further deprived of a fair trial when the state was permitted to make use of the other acts testimony during the trial and during closing arguments; and,
>
>   (4) that he was also deprived of a fair trial when it was determined that [his] four year-old child and six year-old child were competent to testify against him.

(*See* Pet. at 5C-9B.)  Petitioner also requested an evidentiary hearing under 28 U.S.C. § 2254(e)(2) to develop his first ground for relief. (Pet'r's Traverse at 6-8.)

## II. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case was referred to Magistrate Judge William H. Baughman, Jr. ("Magistrate Judge") for the preparation of a Report and Recommendation ("R&R").  The Magistrate Judge issued his R&R (ECF No. 16), recommending that the court dismiss in part and deny in part Krzywkowski's Petition.

### A. Ground One: Ineffective Assistance of Trial Counsel/Request for Evidentiary Hearing

The Magistrate Judge first found that Petitioner's trial counsel was not ineffective for failing to call an expert on the subject of sexually-abused children to rebut the state's expert.  (*Id.* at 36.) The Magistrate Judge noted that Petitioner's counsel conducted an extensive and vigorous cross-examination of the state's expert that explored the state expert's methodology and credentials, as well as the defense's theory that Petitioner's children fabricated the abuse claims against him.  As such, the Magistrate Judge found that Petitioner:

>   cannot and does not claim that the jury never heard the notion that young children may lie in making reports of abuse. Rather, he is reduced to arguing that it was ineffective assistance of trial counsel that the jury heard this argument during cross-examination rather than through a defense expert. As the state court observed, the decision as to how best to present an argument is manifestly a tactical decision by trial counsel that is not easily challenged.

(*Id.*) Therefore, the Magistrate Judge found that the state court decision was not an unreasonable application of *Strickland* and recommended that the court deny Krzywkowski's Petition on this ground. (*Id.* at 37.) Moreover, since the Magistrate Judge found that there is no basis to conclude that, but for the lack of expert testimony, no reasonable factfinder would have found Petitioner guilty, the Magistrate Judge recommended denying Krzywkowski's request for an evidentiary hearing. (*Id.*)

**B. Grounds Two and Three: Admission and Use of "Other Acts" Evidence**

Next, the Magistrate Judge found that the state courts' decisions regarding grounds two and three of Krzywkowski's Petition relate to state law matters and as such are not cognizable in this forum. Moreover, the Magistrate Judge concluded that Petitioner failed to establish that the state court decisions regarding these claims rendered Petitioner's trial "fundamentally unfair" as that term is defined by the United States Supreme Court. (*Id.* at 37-38.) Accordingly, the Magistrate Judge recommended that the court dismiss Krzywkowski's Petition on these grounds.

**C. Ground Four: Competency of Petitioner's Minor Children to Testify Against Him**

Finally, the Magistrate Judge concluded that Petitioner's fourth ground for relief was procedurally defaulted because Petitioner failed to present it to the Ohio courts as a federal claim. (*Id.* at 39.) Additionally, the Magistrate Judge concluded that Petitioner's argument that he showed cause for his default - ineffectiveness of appellate counsel - is not well-taken. Essentially, "the gravamen of Krzywkowski's argument is that his appellate counsel was ineffective for framing and arguing the issue of the children's competence to testify as a state rather than a federal claim." (*Id.* at 40.) However, the Magistrate Judge points out that Petitioner's appellate attorneys "spent considerable time strenuously arguing on direct appeal against the decision of the trial court to permit these children to testify, basing his argument on the purported failure of the trial court, under

Ohio law, to consider the relevant factors that would permit the testimony of a child under 10." (*Id.*) Moreover, the Magistrate Judge noted that "the Ohio appellate court decision affirming the trial court's decision also appears to validate the strategy of Krzywkowski's appellate attorney in pursuing this issue as a state law claim." (*Id.* at 41.) Accordingly, the Magistrate Judge recommended that the court deny Krzywkowski's Petition on this ground.

### III. PETITIONER'S OBJECTIONS

Petitioner objects to the Magistrate Judge's recommendation that this court should deny Petitioner's first and fourth grounds for relief and Petitioner's request for an evidentiary hearing to develop his first ground for relief. (Pet'r's Objections, ECF No. 21.) Specifically, Petitioner first objects to the Magistrate Judge's finding that the state court's denial of his ineffective assistance of counsel claim was not an unreasonable application of the test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Therefore, as he did in his Traverse, Petitioner again urges the court to find that trial counsel's failure to retain an expert to rebut the State's witnesses was objectively unreasonable and seriously prejudiced Petitioner's defense.

Secondly, Petitioner objects to the Magistrate Judge's finding that his fourth ground for relief is procedurally defaulted. As he did in his Traverse, Petitioner again argues that he demonstrated cause - ineffective assistance of appellate counsel - for his failure to present a federal challenge on this ground on direct appeal.

Finally, Petitioner objects to the Magistrate Judge's finding that there is no basis to grant an evidentiary hearing. As he did in his Traverse, Petitioner again argues that he is entitled to an evidentiary hearing to fully develop his ineffective assistance of trial counsel claim because Petitioner was not at fault for failing to develop the record regarding this claim in the state courts.

## IV. THIS COURT'S FINDINGS

As noted above, Petitioner's Objections merely reiterate the same arguments that he previously made in his Traverse with respect to his first and fourth grounds for relief and his request for an evidentiary hearing. The court finds that the Magistrate Judge carefully addressed and then rejected these arguments in his R&R. Upon careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, for the reasons stated by the Magistrate Judge, the court adopts as its own the Magistrate Judge's R&R.

## V. CONCLUSION

The court hereby dismisses Krzywkowski's Petition (ECF No. 1) in part, denies it in part, and enters final judgment in favor of Respondent. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 23, 2008